IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA L. HUMPHREYS and BRIAN C. HUMPHREYS,<br><br>Plaintiffs,<br><br>v.<br><br>PPL ELECTRIC UTILITIES CORPORATION, NORTHAMPTON COUNTY DEPARTMENT OF HUMAN SERVICES, NORTHAMPTON COUNTY AREA AGENCY ON AGING, MS. BARBARA KLEINTOP and BETHLEHEM POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION<br>NO. 12-4334 |

## MEMORANDUM OPINION

**Schmehl, J.**                                                                              **November 21, 2013**

This matter involves an allegedly unconstitutional search and seizure by Defendants, Northampton County Department of Human Services ("DHS"), Northampton County Area Agency on Aging ("Agency"), Barbara Kleintop, Bethlehem Police Department and four of its officers. This alleged search and seizure was the product of an allegedly defamatory and/or negligently made report of Defendants, PPL Electric Utilities Corporation ("PPL") and its employee, Michelle LaWall, to the Agency regarding the status of the electric service of Plaintiff, Virginia Humphreys. There are three motions pending before the Court: 1) Motion of Defendants, PPL Electric Utilities Corporation and Michelle LaWall, to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; 2) Motion to Dismiss of Defendants, Northampton County Department of Human Services, Northampton County Area Agency on Aging and Barbara Kleintop; and 3) Motion for Judgment on the Pleadings of Defendants, City of

Bethlehem, PA Police Department, Lt. Doseldo, Badge No. 232, Sgt. Henning, Badge No. 268, Prm. Surber, Badge No. 254, and Prm. Waldeck, Badge No. 304. For reasons set forth below, I will grant in part and deny in part the motions of all defendants.

## I.     INTRODUCTION

Plaintiffs, Virginia L. Humpreys and Brian C. Humphreys, claim that PPL made a defamatory report to the Agency that Virginia Humphreys "was in danger of having her electric service terminated for non-payment of her bill," and that PPL negligently reported that Mrs. Humphreys was "living alone." (Am. Compl. ¶ 39, 41.) Plaintiffs further allege that as a result of this report received from PPL, Barbara Kleintop, an employee of the Agency, arrived at the Humphreys' home and asked to speak with Mrs. Humphreys. After being turned away by Mr. Humphreys, Kleintop returned with four Bethlehem police officers. Mr. Humphreys refused to allow the officers into the home, and alleges that the officers then forcibly entered the home and handcuffed and detained him in the backyard, while Mrs. Humphreys was subjected to an "interrogation" by Kleintop. (Am. Compl., ¶¶ 27, 31.)

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted). Further, a motion for judgment on the pleadings is subject to the same standard as a motion to dismiss pursuant to Rule 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

### III. DISCUSSION

#### A. Motion to Dismiss of PPL

Defendants, PPL and Michelle LaWall, seek to have Counts I and II of Plaintiff's Amended Complaint dismissed for failing to state a claim upon which relief can be granted. PPL argues that both Counts I and II present state law claims of defamation, which they argue Plaintiffs cannot succeed on. However, a close reading of Plaintiffs' Amended Complaint shows that Counts I and II against PPL are pled quite differently. Count I, entitled "Making a Defamatory Report to a Public Law Enforcement Agency," states that PPL "maliciously reported that Plaintiff Virginia L. Humphreys was in danger of having her electric service terminated for non-payment of her bill…" (Am. Compl. ¶ 39.) Count II, entitled "Making a Recklessly Composed Report to a Public Law Enforcement Agency," states that PPL "negligently misstated that Plaintiff Virginia L.

3

Humphreys was living alone…" (Am. Compl. ¶ 41.) A review of both of these counts shows that they are quite different and need to be analyzed separately, not as two related counts for defamation as set forth by PPL in its motion. Accordingly, for the reasons that follow, I grant the Motion to Dismiss as to Count I with prejudice, and I grant the Motion to Dismiss as to Count II without prejudice to Plaintiffs' right to file a second amended complaint that pleads a cause of action in negligence against PPL with more specificity.

1. **Count I**

I read Count I of Plaintiffs' Amended Complaint as setting forth a cause of action for defamation against PPL for reporting that Mrs. Humphreys was in danger of having her electricity cut off due to non-payment of her bill. To succeed on a defamation claim in Pennsylvania, a plaintiff must show, *inter alia*, a communication capable of having defamatory meaning. Remick v. Manfredy, 238 F.3d 248, 261 (3d Cir. 2001). The trial court determines as a matter of law whether the communication is capable of having a defamatory meaning. Id. A statement is defamatory if it "tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Tucker v. Fischbein, 237 F.2d 275, 282 (3d Cir. 2001)(quoting Corabi v. Curtis Publ'g Co., 273 A.2d 899, 904 (Pa. 1971). A court needs to view the statement in context and determine whether it tends to "blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession. Corabi v. Curtis Publ'g Co., 273 A.2d at 904. However, statements that are merely annoying or embarrassing are not defamatory. Kryeski v. Schott Glass Technologies, Inc., 626 A.2d 595, 601 (Pa. Super. 1993.)

PPL argues that the statement allegedly made by PPL was not capable of a defamatory meaning as a matter of law. I agree with this contention, and find that the statement that Plaintiff was "in danger of having her electric service terminated for non-payment of her bill" is not capable of having a defamatory meaning. The mere allegation of failing to pay one's bill could not "expose him to public hatred, contempt or ridicule." Corabi, 273 A.2d at 904. This is the type of statement that is merely annoying and embarrassing, and I find that it is not capable of defamatory meaning. Therefore, Count I of Plaintiffs' Amended Complaint against PPL for making a defamatory report is dismissed with prejudice.[1]

### 2. Count II

Count II of Plaintiffs' Amended Complaint contains a cause of action against PPL for negligence in its report made to the Agency. I find that this claim for negligence against PPL is vague, and dismiss Count II to Plaintiff's Amended Complaint without prejudice. Plaintiffs are given leave to replead their negligence cause of action against PPL, setting forth a plausible, factually specific claim on negligence against PPL.

### B. Motion to Dismiss of the Agency, DHS and Kleintop

#### 1. Defamation

First, DHS, the Agency and Kleintop argue that Count III, "Making a Defamatory Report to a Public Law Enforcement Agency" should be dismissed because the statements in question are not capable of defamatory meaning. For the reasons set forth

---

[1] PPL also claims that Count I should be dismissed because Plaintiffs failed to plead the special harm necessary to support a claim of slander *per quod*, and because the alleged actions of the Agency and the Police constitute superseding causes to the allegations against PPL. As I decided that the statement in question was not defamatory, I need not reach these arguments. To the extent PPL would argue the superseding cause argument would also apply to Count II, the negligence count against PPL, I find that the actions of the Agency and the Police were not a superseding cause which would break the causal connection between PPL's conduct and Plaintiffs' alleged harm.

5

above, I find that the statements that Mrs. Humphreys was "living alone" and "in imminent danger of having her electric service terminated" are not capable of defamatory meaning. Accordingly, Count III of Plaintiff's Amended Complaint is dismissed with prejudice.

### 2. Claims Under 18 U.S.C. § 242

Plaintiffs' Amended Complaint sets forth claims under 18 U.S.C. § 242 against DHS, the Agency and Kleintop in Counts IV, V, VI, X and XI. These claims are inappropriate because 18 U.S.C. § 242 is a criminal statute that does not provide for a civil remedy. See McCauley v. Computer Aid, Inc., 447 F.Supp.2d 469, 477 (E.D. Pa. 2008). This statute creates a criminal penalty for deprivations of constitutional rights, effected by means of conspiracy or under color of state law. Id., citing United States v. City of Philadelphia, 482 F.Supp. 1248, 1260 (E.D.Pa.1979). It is well-settled that this criminal statute cannot be the basis for remedy in a civil suit. See e.g. Molina v. City of Lancaster, 159 F.Supp.2d 813, 818 (E.D.Pa.2001) (dismissing *pro se* plaintiff's civil rights claims under 18 U.S.C. §§ 241 and 242 because these statutes "do not create a civil cause of action enforceable by the Plaintiff"). Therefore, I dismiss all causes of action under 18 U.S.C. § 242 contained in Counts IV, V, VI, X and XI of Plaintiffs' Amended Complaint with prejudice.[2]

---

[2] Plaintiffs' Amended Complaint also sets forth claims under 18 U.S.C. ¶ 242 against the City of Bethlehem Police Department and its officers in Counts VII and VIII. Although Defendant Police Department did not request such relief in its Motion, I also dismiss all claims under 18 U.S.C. ¶ 242 from Counts VII and VIII of the Amended Complaint against the Police Department and its officers for the reasons set forth above.

### 3. Section 1983 Claims

Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for duress.

42 U.S. C. § 1983.

To establish a § 1983 claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution. Piecknick v. Commmonwealth of Pennsylvania, 36 F.3d 1250 (3d Cir. 1994). Municipalities and other government bodies may be sued under § 1983 for constitutional rights violations. Monell v. Dep't of Soc. Servcs. of City of New York, 436 U.S. 658, 690–692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, to prevail on a Monell claim, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived him of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom. Pelzer v. City of Philadelphia, 656 F.Supp.2d 517, 531 (E.D.Pa.2009) (citing Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403–404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (U.S.1997)). Liability may not be imposed solely on a *respondeat superior* theory. Monell, 436 U.S. at 692, 98 S.Ct. 2018.

In the instant matter, Plaintiffs' Amended Complaint alleges § 1983 claims against DHS, the Agency and Kleintop in Counts IV, V and VI. Count IV of the Amended Complaint is entitled "conducting a coercive interrogation," Count V is

"leveling ungrounded accusations," and Count VI is "launching an intimidating threat." (See Am. Compl. ) Under each count, Plaintiffs assert that their civil rights of "personal security, liberty and property" were violated "under color of law." (Am. Compl. ¶¶ 46, 48, 50.) However, Plaintiffs fail to set forth any additional information whatsoever. Plaintiffs provide no facts setting forth a policy or custom in DHS or the Agency that would support their § 1983 claim against these Defendants. Further, Plaintiffs have failed to allege what protected interest under the Constitution was allegedly violated by these Defendants.

I find Counts IV, V and VI are too vague to determine whether there was a § 1983 violation. However, I find this "deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6)." Ruder v. Pequea Valley School Dist., 790 F.Supp.3d 377, 390 (E.D. Pa. 2011). Accordingly, Plaintiffs are granted leave to amend their complaint to reassert their § 1983 claims against DHS, the Agency and Kleintop contained in Counts IV, V, and VI with more specificity. Plaintiffs shall amend their complaint, if they can, to set forth facts showing DHS or the Agency had knowledge of a policy or custom that served to deprive Plaintiffs of their civil rights. Further, in Counts IV, V and VI, Plaintiffs must allege what interest of theirs, protected by the Constitution, they were deprived of by Kleintop, DHS and the Agency.

Counts X and XI of Plaintiffs' Amended Complaint set forth § 1983 claims against Kleintop for alleged violations of Plaintiffs' rights under the Fourth Amendment, which protects against unreasonable searches and seizures. (Am. Compl. ¶ 58.) Kleintop alleges that these counts fail to set forth any factual information to support what search or seizure occurred that would give rise to a violation of Plaintiffs' Fourth Amendment

rights. I find that Plaintiffs' Amended Complaint is sufficiently specific as to Kleintop's alleged violations of the Fourth Amendment. Therefore, Kleintop's Motion to Dismiss is denied as to Counts X and XI.

### C. Motion for Judgment on the Pleadings of Bethlehem Police Department and Officers

#### 1. Section 1983 Claims

Counts VII and VIII of Plaintiffs' Amended Complaint contain § 1983 claims against City of Bethlehem, PA, Police Department and four individual officers for an alleged violation of Plaintiffs' civil rights for "forced entry without suitable legal justification." (Am. Compl, ¶¶ 50, 52.) However, as argued by Defendant police department, municipal police departments are not proper defendants in § 1983 cases, as they are sub-units of municipalities. Johnson v. City of Erie, 834 F.Supp. 873, 878 (W.D. Pa. 1993). Further, as discussed above, municipalities cannot be held liable under § 1983 on a *respondeat superior* theory. Accordingly, City of Bethlehem, PA Police Department is dismissed from this action with prejudice.

#### 2. Count IX against Sergeant Henning

Plaintiff Brian Humphreys asserts a claim against Defendant, Sergeant Henning under § 1983 for allegedly cursing at him on the date of the events in question. (Am.Compl. ¶ 56.) However, it is well settled that verbal abuse does not rise to the level of a civil rights violation. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) aff'd, 800 F.2d 1130 (3d Cir. 1986). Accordingly, Count IX of Plaintiffs' Amended Complaint is dismissed with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Counts I, III and IX are dismissed with prejudice. All claims made under 18 U.S.C. § 242 are dismissed from Counts IV, V, VI, VII, VIII, X and XI with prejudice, and Defendant, City of Bethlehem, PA Police Department, is dismissed from this action with prejudice. Count II is dismissed without prejudice to Plaintiffs' right to refile a second amended complaint setting forth a plausible, factually specific negligence claim against PPL. Counts IV, V and VI are dismissed without prejudice to Plaintiffs' right to refile a second amended complaint setting forth plausible, factually specific § 1983 claims against Defendants, Barbara Kleintop, DHS, and the Agency.