IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA L. HUMPHREYS and BRIAN C. HUMPHREYS,<br><br>              Plaintiffs,<br><br>v.<br><br>PPL ELECTRIC UTILITIES CORPORATION, MICHELLE LaWALL, NORTHAMPTON COUNTY DEPARTMENT OF HUMAN SERVICES, NORTHAMPTON COUNTY AREA AGENCY ON AGING, MS. BARBARA KLEINTOP and BETHLEHEM POLICE DEPARTMENT,<br><br>              Defendants. | CIVIL ACTION<br>NO. 12-4334 |

## MEMORANDUM OPINION

**Schmehl, J.**                                                                                                         October 30, 2014

       This matter involves an allegedly unconstitutional search and seizure by Defendants, Northampton County Department of Human Services, Northampton County Area Agency on Aging, and Barbara Kleintop (collectively "the County defendants"), and the Bethlehem Police Department and four of its officers (collectively "the Bethlehem defendants"). This alleged search and seizure was the product of a report made by Defendants, PPL Electric Utilities Corporation and its employee, Michelle LaWall (collectively "the PPL defendants"), to the Agency on Aging regarding the status of the electric service of Plaintiff, Virginia Humphreys. There are three motions pending before the Court: 1) Motion of Defendants, City of Bethlehem, PA Police Department, Lt. Doseldo, Badge No. 232, Sgt. Henning, Badge No. 268, Prm. Surber, Badge No. 254, and Prm. Waldeck, Badge No. 304 to Dismiss Plaintiffs' Amended Complaint (Docket

No. 39); 2) Motion to Dismiss of Defendants, Northampton County Department of Human Services, Northampton County Area Agency on Aging and Barbara Kleintop (Docket No. 40); and 3) Motion to Dismiss of Defendants, PPL Electric Utilities Corporation and Michelle LaWall, for Failure to State a Claim Upon Which Relief Can Be Granted (Docket No. 41). For the reasons set forth below, I will grant the motion of the Bethlehem defendants in part and deny it in part. Further, I will grant the motions to dismiss of the County defendants and the PPL defendants. Accordingly, the Northampton County defendants and the PPL defendants are all dismissed from this matter with prejudice.

**I.      INTRODUCTION**

Plaintiffs, Virginia L. Humpreys and her resident son, Brian C. Humphreys, claim that PPL made a report to the Northampton County Agency on Aging that Virginia Humphreys "was elderly, lived alone and that her electric service was about to be terminated." (Am. Compl. ¶ 12.) Plaintiffs further allege that as a result of this report received from PPL, Barbara Kleintop, an employee of the Agency, arrived at the Humphreys' home and asked to speak with Mrs. Humphreys. (Id. at ¶ 20.) After being turned away at the front door by Mr. Humphreys, Kleintop returned with four Bethlehem police officers to speak with Mrs. Humphreys. (Id. at ¶ 21.) Mr. Humphreys refused to identify himself or allow the officers into the home, and alleges that the officers then forcibly entered the home and handcuffed and detained him in the backyard, while Mrs. Humphreys was subjected to an "interrogation" by Kleintop. (Am. Compl., ¶¶ 22, 24, 26.)

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985). Nonetheless, to survive a motion to dismiss, a civil complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. Id., (citing Twombly, 550 U.S. at 555). The complaint must contain sufficient factual matter to be plausible on its face. Id . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; a sheer possibility that a defendant acted unlawfully is not sufficient. Id.

## III. DISCUSSION

### A. Claims Against All Defendants Under 42 U.S.C. § 1985(3).

Plaintiffs' Amended Complaint contains claims under 42 U.S.C. § 1985(3) against all defendants. For reasons that will be discussed more fully below, I grant the Motions to Dismiss of all defendants as to the §1985(3) civil conspiracy claims. Accordingly, the §1985(3) claims are stricken from Plaintiffs' Amended Complaint with prejudice.

> Section 1985(3), often referred to as the "civil rights conspiracy statute," states:
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of any equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). The Supreme Court has stated that to set forth a claim under 1985(3), a plaintiff must allege four things: 1) a conspiracy; 2) motivated by a racial or class-based discriminatory animus; 3) an act in furtherance of the conspiracy; and 4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-829 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)); Hinshillwood v. County of Mont., 2002 WL 253940 (E.D. Pa. 2002) (Hutton, J.).

In alleging an underlying conspiracy, Plaintiffs must set forth an actual agreement among the co-conspirators or "meeting of the minds." Startzell v. City of Philadelphia, 533 F.3d 83, 205 (3d Cir. 2008) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970). Courts have "nearly unanimously required more than conclusory allegations of deprivations of constitutional rights protected under § 1985(3)." Spence v. Thompson, 2013 WL 1180765 (W.D. Pa. 2013). Thus, although the allegations in a civil rights complaint are not held to a heightened pleading standard, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), a plaintiff

4

must assert facts showing a conspiracy with some particularity. Goodson v. Maggi, 797 F.Supp.2d 624, 639 (citing Bieros v. Nicola, 860 F.Supp. 223, 225 (E.D.Pa.1994)).

It is true that courts "normally hold *pro se* complaints to a 'less stringent' standard than formal pleadings drafted by lawyers." Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 417 n. 5 (3d Cir.2000) (citing Micklus v. Carlson, 632 F.2d 227, 236 (3d Cir.1980)). Additionally, there is an "amendment rule" in the Third Circuit, which requires that "district courts must offer amendment-irrespective of whether it is requested-when dismissing a [civil rights] case for failure to state a claim unless doing so would be inequitable or futile." Griffin-El v. Beard, 2009 WL 1229599 (E.D. Pa. Apr. 30, 2009), (citing Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir.2007)).

An examination of the Amended Complaint in this matter reveals a complete lack of factual allegations from which a plausible claim for a violation of Section 1985(3) can be inferred. There are no allegations contained in Plaintiffs' Amended Complaint from which one could infer that PPL, the Bethlehem defendants, and the Northampton County defendants had an understanding or agreement to conspire against Plaintiffs. Plaintiffs allege no specific facts indicating a mutual understanding between PPL, the County defendants and the Bethlehem defendants to achieve a deprivation of their constitutional rights. Further, Plaintiffs completely fail to allege any racial or other class-based discrimination, as required by the statute. Even construing the amended complaint liberally because it was filed *pro se,* Plaintiffs cannot set forth facts which would show any racial or class-based discrimination. Accordingly, further amendment of the amended

complaint would be futile and Plaintiffs' §1985(3) claims against all defendants are dismissed with prejudice.

## B. Claims Against PPL under 42 U.S.C. § 1983.

Plaintiffs' Amended Complaint contains claims against PPL for alleged violations of both §§ 1983 and 1985(3).[1] Further, as will be discussed more fully below, I will also grant the motion to dismiss of PPL as to the §1983 claims. Accordingly, PPL is dismissed from this action with prejudice.

Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for duress.

42 U.S. C. § 1983.

To establish a § 1983 claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution. Piecknick v. Commmonwealth of Pennsylvania, 36 F.3d 1250 (3d Cir. 1994). However, a private person will not be subjected to liability unless the alleged deprivation was committed under color of law. Sherry v. Associates Commercial Corporation, 60 F.Supp.2d 470, 473 (W.D. Pa. 1998) (citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1141, (3d Cir. 1995). The Supreme Court has clarified that "[i]n cases under § 1983, 'under color of state law'

---

[1] As discussed above, the claims under § 1985(3) against PPL are dismissed due to the failure to allege any sort of conspiracy between PPL and the other defendants.

6

has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." United States v. Price, 383 U.S. 787, 794, n. 4.

In the instant matter, defendants PPL and Michelle LaWall are clearly private actors.  Therefore, a claim for § 1983 violations cannot be brought against them unless they deprived Plaintiffs of their civil rights while acting under color of state law. Plaintiffs' Second Amended Complaint states that PPL and LaWall made a false report to a law enforcement agency "for the purpose of misdirecting governmental authority and resources for the purpose of collecting an overdue account from the Plaintiff" and that "PPL maliciously communicated a report to the agency in an effort to expedite collection of an account." (See Am. Compl. ¶¶ 3 and 18.) However, a review of the entire Amended Complaint shows no facts alleged by Plaintiffs that would support the claim that PPL was in any way acting under color of state law. The only action taken by PPL and LaWall was to notify the County defendants that Plaintiffs' electric bill was unpaid and that she was living alone. "Merely calling the police, furnishing information to the police or communicating with a state official does not arise to the level of joint action necessary to transform a private entity into a state actor." Cooper v. Muldoon, 2006 WL 1117870 (E.D. Pa. 2006)(Schiller, J.). As Plaintiffs' Amended Complaint lacks any allegations that PPL and LaWall acted under color of state law and amendment would be futile, Plaintiffs' §1983 claims against the PPL defendants are dismissed with prejudice and PPL and LaWall are no longer parties to this action.

    **C.** **Claims Against the Northampton County Defendants under 42 U.S.C. §1983.**

In the instant matter, Plaintiffs' Amended Complaint alleges § 1983 claims against Northampton County Department of Human Services, Northampton County

7

Agency on Aging and Kleintop in Counts II, III, VII and VIII for violations of their constitutional rights under the First, Fourth and Fourteenth Amendment.[2] (See Am. Compl. ¶ 6.) ). Count II of the Amended Complaint contains a cause of action against the County defendants for making a false report to a public law enforcement agency. (¶¶ 40-47.) Count III is entitled "conducting a coercive interrogation, making false accusations and unjustifiable threats," (¶¶ 49-55) Count VII is "violating the civil rights of Plaintiff, Virginia L. Humphreys." (Am. Compl. ¶ 66.) Lastly, Count VIII is entitled "violating the civil rights of Plaintiff Brian C. Humphreys." (Am. Compl. ¶ 68.)

Specifically, Plaintiffs allege under Count II that after the Agency on Aging was informed that Mrs. Humphreys was elderly, lived alone and was about to have her electric service terminated, Ms. Kleintop came to Plaintiffs' home without an appointment and was turned away by Mr. Humphreys. (Id. at ¶ 20.) Plaintiffs further allege that Kleintop told the police that Mrs. Humphreys was living alone, which led the police to believe Mr. Humphreys was an intruder in the home. (Id. at ¶ 40.)

Count III of the Amended Complaint alleges that the County defendants conducted a "coercive interrogation" of Mrs. Humphreys after the police removed Mr. Humphreys from the home. (Id. at ¶¶ 26, 49.) Counts VII and VIII contain allegations that the civil rights of both Plaintiffs were violated by Kleintop when she "forcibly entered [their] residence" "without suitable legal justification." (Id. at ¶¶ 66, 68.)

Although courts do afford *pro se* litigants deference, plaintiffs who choose to represent themselves must still comply with all relevant rules of procedural and substantive law. McCracken v. Freed, 2006 WL 83452, n. 16 (E.D. Pa. 2006) (Savage, J.)

---

[2] As discussed above, the claims under § 1985(3) against the County defendants are dismissed due to the failure to allege any sort of conspiracy between the County defendants and the other defendants or any racial or class-based discrimination.

(citing Faretta v. California, 422 U.S. 806, 835 n. 46 (1975)). Here, Plaintiffs' vaguely worded amended complaint fails to set forth what specific rights the County defendants allegedly violated. The allegations completely fail to place this matter is any constitutional context. I find that these allegations are entirely too vague to determine whether or not there was a constitutional violation which would give rise to a §1983 claim. In my November 22, 2013 opinion on Defendants' prior Motions to Dismiss, I found that Plaintiffs §1983 claims against the County defendants failed to allege what protected interest under the Constitution was allegedly violated by these Defendants, but gave Plaintiffs leave to amend their complaint to reassert their §1983 claims against the County defendants by properly alleging what interest of theirs, protected by the Constitution, they were deprived of by the County defendants. Plaintiffs Amended Complaint fails to do this. Therefore, I dismiss Plaintiffs' §1983 claims against the County defendants with prejudice.[3]

Plaintiffs' Amended Complaint also alleges that the County acted in accordance with a policy or custom and deprived them of a constitutionally protected right. Municipalities and other government bodies may be sued under § 1983 for constitutional rights violations. Monell v. Dep't of Soc. Servcs. of City of New York, 436 U.S. 658, 690–692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, to prevail on a Monell claim, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived him of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified

---

[3] In my November 22, 2013 order on Defendants' prior Motions to Dismiss, I granted Plaintiffs leave to amend their complaint to provide more specificity with regard to the §1983 claims brought by them against the County defendants. In that order, I warned Plaintiffs that if they failed to set forth the required specificity with regard to their §1983claims in their amended pleading, these claims would be dismissed. (See Docket No. 34.)

policy or custom. Pelzer v. City of Philadelphia, 656 F.Supp.2d 517, 531 (E.D.Pa.2009) (citing Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403–404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (U.S.1997)).  Liability may not be imposed solely on a *respondeat superior* theory. Monell, 436 U.S. at 692, 98 S.Ct. 2018.

In McTernan v. City of York, 564 F.3d 636 (3d Cir.2009), our court of appeals held in the municipal liability context that for a "policy" or "custom" claim to survive a motion to dismiss in post-Twombly § 1983 pleadings, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." 564 F.3d at 658 (affirming district court's dismissal of complaint because it "g [ave] no notice as to the Defendant[ ]'s improper conduct, simply alleg[ing] that [plaintiff's] rights were violated due to the City's policy of ignoring First Amendment right[s.]") (internal quotations omitted). In the instant matter, Plaintiffs' Amended Complaint completely fails to identify a policy or custom on behalf of any of the County defendants and fails to specify exactly what that policy or custom was. Further, Plaintiffs' Amended Complaint fails to demonstrate any "affirmative link" between the occurrence of the alleged misconduct and the County's policy, custom or practice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 107 (3d Cir. 2002). Again, in my opinion of November 22, 2013, I found Plaintiffs' allegations of a Monell claim against the County defendants contained in the Complaint to be too vague, and gave Plaintiffs the option to amend their complaint to set forth facts showing the County defendants had knowledge of a policy or custom that served to deprive Plaintiffs of their civil rights. Plaintiffs have failed to do so in their Amended Complaint; accordingly, I will dismiss Plaintiffs' Monell claim against the County defendants with prejudice.  Therefore, Northampton County Department of Human

Services, Northampton County Agency on Aging and Kleintop are no longer parties to this litigation.

### D. Claims Against the Bethlehem Defendants under 42 U.S.C. §1983.

Plaintiffs' Amended Complaint contains claims of §1983 violations against the Bethlehem defendants in Counts IV, V and VI for the actions of Defendant police officers in forcibly entering their home and detaining Mr. Humphreys.[4] (Am. Compl. ¶¶ 16, 24.) Specifically, Plaintiffs allege that the officers violated Plaintiffs' Fourth and Fourteenth Amendment rights.[5]

The Bethlehem defendants argue that the §1983 claim against them should be dismissed due to Plaintiffs' failure to allege what damages they have sustained as a result of the Defendants' unlawful conduct. It is true that in order to establish liability under § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir.1998). Plaintiffs admittedly could have been more specific as to what injuries they allegedly suffered at the hands of the Bethlehem defendants in their Amended Complaint. However, liberally construing a *pro se* pleading as I am required to do, and reading the Amended Complaint as a whole, I will not dismiss the §1983 claims against the

---

[4] Pursuant to an order of this court dated November 22, 2013, City of Bethlehem PA Police Department was dismissed from this action with prejudice, and Count IX, the only count of the Complaint directed to Defendant Henning, was also dismissed with prejudice. In addition, Plaintiffs were given leave to file an amended complaint. Despite the dismissal of Bethlehem Police Department and Officer Henning from this litigation with prejudice, Plaintiffs' Amended Complaint improperly again named the Bethlehem Police Department as a defendant, as well as including the same allegations against Defendant Henning that were previously dismissed with prejudice. Accordingly, Plaintiffs' claims against the Bethlehem Police Department and Count VI of the Amended Complaint against Defendant Henning are improper and must be dismissed. Plaintiffs are advised that these defendants are no longer parties to this matter.

[5] As discussed above, the claims under § 1985(3) against the Bethlehem defendants are dismissed due to the failure to allege any sort of conspiracy between the Bethlehem defendants and the other defendants or any racial or class-based discrimination.

Bethlehem defendants at this time simply because Plaintiffs' allegedly failed to specifically plead their damages. Therefore, the Bethlehem defendants' motion is denied as to the §1983 claim.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, all claims of a violation of 28 U.S.C. § 1985(3) are dismissed from the Amended Complaint with prejudice. Defendants PPL and Michelle LaWall, and Defendants Northampton County Department of Human Services, Northampton County Agency on Aging and Barbara Kleintop are dismissed from this matter with prejudice. Defendant, City of Bethlehem, PA Police Department, is again dismissed from this action with prejudice, as are allegations against Officer Henning.

Plaintiffs are advised that the only remaining allegations in this matter are allegations of §1983 civil rights violations against the four Bethlehem police officers, Doseldo, Henning, Surber and Waldeck. All remaining defendants (PPL, LaWall, Northampton County Department of Human Services, Northampton County Agency on Aging, Kleintop and City of Bethlehem Police Department) are no longer parties to this action.